# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL CLARK,

    Plaintiff,

vs.

WARDEN WILLIAMS,

    Defendant.

Case No. 2:10-CV-00591-RLH-(RJJ)

**ORDER**

        Defendant has removed the action to this court. The court has reviewed plaintiff's civil rights complaint, and plaintiff will need to file an amended complaint.

        When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

1   Plaintiff alleges that defendant Williams denied him any soap or showers for five
2 days.  Indigent inmates have the right to personal hygiene supplies such as toothbrushes and soap.
3 Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.1996), as amended by 135 F.3d 1318 (9th Cir.1998).
4 To that extent, Plaintiff has stated a claim upon which relief can be granted.[1]
5   IT IS THEREFORE ORDERED that defendant shall have forty-five (45) days from
6 the date on which this order is entered to file and serve an answer or other response to the
7 complaint.
8   DATED:   July 15, 2010.

_____
ROGER L. HUNT
Chief United States District Judge

---

[1] Defendant Williams is the warden of the prison.  "A supervisor cannot be held personally liable under [42 U.S.C.] § 1983 for the constitutional deprivations caused by his subordinates, absent his participation or direction in the deprivation." Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir.1984) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir.1980)).  Plaintiff has alleged that defendant Williams was personally involved in the deprivation of soap and showers.