# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL CLARK,<br><br>            Plaintiff,<br><br>    vs.<br><br>WARDEN WILLIAMS,<br><br>            Defendant. | Case No.: 2:10-cv-00591-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Dismiss, or Alternatively, for Summary Judgment–#12; Motion for Summary Judgment–#16) |

   Before the Court is Defendant Brian Williams, Sr. (sued as "Warden Williams") **Motion to Dismiss, or Alternatively, for Summary Judgment** (#12), filed August 27, 2010. The Court has also considered Plaintiff Michael Clark's Opposition (#15), filed September 22, 2010. Williams did not reply.

   Also before the Court is Clark's **Motion for Summary Judgment** (#16), filed September 22, 2010. The Court has also considered Williams' Opposition (#17), filed September 28, 2010. Clark did not reply.

## BACKGROUND

   This dispute arises from Clark not receiving a shower for a 5 day period while incarcerated at the Southern Desert Correctional Center. Clark claims that this extended period of

1

AO 72
(Rev. 8/82)

time without a shower violated his Constitutional and state law rights and brings this action against Williams, the warden of High Desert Correctional Center, under 42 U.S.C. § 1983. For the reasons stated below, the Court grants Williams' motion and denies Clark's motion.

## DISCUSSION

### I.   Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from

AO 72
(Rev. 8/82)

1  conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

2  Finally, *pro se* complaints are subject to "less stringent standards than formal
3  pleadings drafted by lawyers" and should be "liberally construed." *Erickson v. Pardus*, 127 S. Ct.
4  2197, 2200 (2007). This is particularly true in civil rights cases. *Karim-Panahi v. Los Angeles*
5  *Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (holding that courts must afford *pro se* plaintiffs
6  "the benefit of any doubt").

7  **II.     Analysis**

8  42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive
9  rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386,
10 393–94 (1989). To state a claim under § 1983, a plaintiff "must allege the violation of a right
11 secured by the Constitution and the laws of the United States, and must show that the alleged
12 deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48
13 (1988).

14 The Eighth Amendment protects prisoners from cruel and unusual punishment,
15 which includes "inhumane conditions of confinement." *Morgan v. Mogensen*, 465 F.3d 1041,
16 1045 (9th Cir. 2006). "[E]xtreme deprivations are required to make out a conditions-of-
17 confinement claim," and "only those deprivations denying the minimal civilized measure of life's
18 necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v.*
19 *McMillian*, 503 U.S. 1, 9 (1992) (internal citations and quotations omitted). While it is a common
20 American custom to shower frequently, it is hardly inhuman or uncivilized to shower less
21 commonly, as any international tourist can attest. The mere failure to provide a shower for a five
22 day period is, therefore, insufficient to state a claim for violating the Eighth Amendment. *See*
23 *Davenport v. De Robertis*, 844 F.2d 1310, 1316 (7th Cir. Ill. 1988) (holding that the Constitution
24 only requires one shower per week without extenuating circumstances); *see also Lipsey v.*
25 *Schwarzenegger* 2009 WL 5030136, at *4 n.2 (E.D. Cal. 2009) (commenting that four and a half
26

AO 72
(Rev. 8/82)

days without a shower was insufficient to state an Eighth Amendment claim). "The deprivation merely of cultural amenities is not cruel and unusual punishment." *Davenport*, at 1316.

Further, while Clark claims that state prison regulations required a shower every three days, violation of state law or regulation cannot support a § 1983 claim. Section 1983 is "a method for vindicating federal rights," not rights conferred by the state. *Graham*, 490 U.S. at 393–394; *see also Atkins*, 487 U.S. at 48. Therefore the Court grants Williams' motion and dismisses Clark's complaint with prejudice because no further facts will turn his claim into a possible constitutional violation.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss, or Alternatively, for Summary Judgment (#12) is GRANTED with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (#16) is DENIED. The Clerk of the Court is instructed to close this case.

Dated: January 28, 2011.

_____
ROGER L. HUNT
Chief United States District Judge